IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
———

CAROLYN CONDIT,

    Plaintiff,

v.                                                  No. CIV-O3-0862 BB/ACT-LFG

USA TODAY and GANNETT CO., INC.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court for consideration of Defendants USA Today and Gannett Co., Inc.'s Motion to Dismiss, filed September 29, 2003 (Doc. 8). The Court has reviewed the submissions of the parties and the relevant law. Because the briefing reveals unresolved factual and legal disputes concerning venue and personal jurisdiction over the Defendants, this Court orders a 60 day period of discovery limited to venue and jurisdictional issues. Following discovery, the Court will schedule an evidentiary hearing to determine whether this Court has jurisdiction over this matter.

**I. BACKGROUND**

    Plaintiff Carolyn Condit ("Condit"), a resident of California, brings this multi-state defamation suit in New Mexico against Defendants USA Today and Gannett Co., Inc. (collectively "Gannett"), both corporations with their principal place of business in Virginia. Condit claims that she was defamed by an article published by Gannett in the nation-wide newspaper *The USA Today* on July 27, 2001. According to Condit, the District of New Mexico is a proper venue for this matter because the article was published here. In their Motion to

Dismiss Gannett challenges this assertion, and argues that venue is improper in this Court. The Court presently lacks the information necessary to make an educated decision on the jurisdictional and venue issues. Consequently, as discussed below, this Court orders a 60 day period of discovery limited to facts necessary to resolve the venue and jurisdictional issues.

## II.  DISCUSSION

Gannett initially argues that Condit's claim should be dismissed because New Mexico is an improper venue for this matter. Condit responds that venue is proper under 28 U.S.C. § 1391(a)(1) which states that an action founded on diversity of citizenship is authorized in "a judicial district where any defendant resides, if all defendants reside in the same state." Under this statute, venue is proper provided that both defendants are corporate residents of New Mexico. For the purposes of venue under Title 28, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." The relevant question becomes whether Gannett is subject to personal jurisdiction in New Mexico. Put simply, venue is proper in New Mexico so long as this Court has personal jurisdiction over Gannett. Thus, the dispute over proper venue is tantamount to a dispute concerning this Court's jurisdiction over Gannett.

The United States Supreme Court has directed the federal courts to resolve questions of jurisdiction before addressing the merits of a claim. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998); *see also Butler v. Biocore Med. Technologies, Inc.*, 348 F.3d 1163, 1166 (10th Cir. 2003). Because Gannett's claim of improper venue requires an inquiry into

this Court's jurisdiction over Gannett, it is necessary to initially address these issues before turning to the remainder of the arguments in the Motion to Dismiss.

"To obtain personal jurisdiction over a defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Condit claims that jurisdiction over Gannett is proper based on New Mexico's long arm statute. *See* N.M. Stat. Ann. § 38-1-16(A). However, because New Mexico has interpreted its long arm statute liberally so as to allow jurisdiction to the full extent permitted by due process, "the usual two-step analysis collapses into a single search for the outer limits of what due process permits." *Martin v. First Interstate Bank of California*, 914 F.Supp. 473, 476 (D.N.M. 1995)(internal quotation omitted).

The Due Process Clause protects an individual from being subjected to the judgments of a forum with which "he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state," and the suit would not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1979). "The minimum contacts standard may be met in one of two ways: (1) a court may exercise general jurisdiction if the defendant's contacts with the forum state are continuous and systematic; or (2) a court may exercise specific jurisdiction over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d

3

1202, 1210 (10th Cir. 2001). Condit must, therefore, show that minimum contacts exist between Gannett and New Mexico through specific or general jurisdiction.

In addition, "[t]he Plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *Kuenzle v. HTM Sport-Und Freizeitgerate AG,* 102 F.3d 453, 456 (10th Cir. 1996). In order to defeat a prima facie showing of jurisdiction, a defendant must demonstrate the presence of other considerations that would render personal jurisdiction unreasonable. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). However, where the plaintiff's prima facie showing is contested by the defendant, or where the motion raises issues of credibility or disputed facts, the requisite jurisdictional facts must be proven by a preponderance of the evidence either at a hearing or at trial. *See, e.g. Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 D.2d 1280, 1285 (9th Cir. 1977).

In the present matter, Condit's prima facie showing of jurisdiction is contested. Gannett asserts that venue is improper because this Court lacks personal jurisdiction. Gannett bases this contention on its claim that the allegedly libelous article at issue was never actually published in New Mexico. According to Gannett, the allegedly defamatory material was contained exclusively in the second edition of the July 27 2001 *USA Today*, and only the *first edition* was distributed in New Mexico. Therefore, the allegedly defamatory material was never directed toward New Mexico. It follows, Gannett argues, that there is no specific jurisdiction because the suit does not arise out of an activity directed at New Mexico. Furthermore, Gannett denies that there are

sufficient contacts for this Court to assert general jurisdiction.  Both of these assertions are contested by Condit.

Thus, the parties have both legal and factual disputes regarding whether venue is proper in New Mexico, and whether this Court has personal jurisdiction over Gannett.  At this stage of the proceeding, there are insufficient facts before the Court to evaluate the merits of these claims.  For this reason, it is necessary for the parties to conduct discovery to flush out the relevant facts.  The Court will, therefore, open discovery for 60 days, limited to the issues surrounding venue and personal jurisdiction over the defendant.  At the conclusion of this 60 day period, the Court will hold an evidentiary hearing to determine if, upon a preponderance of the evidence, this Court has jurisdiction to hear this matter, and whether venue is proper.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that discovery limited to the issues of venue and jurisdiction is warranted, and that a hearing is necessary to resolve these questions.

### IV.  ORDER

**IT IS ORDERED** that discovery be opened for a 60 day period.  During this period, discovery shall be limited to the issues surrounding venue and this Court's jurisdiction over Gannett.  At the conclusion of the 60 day discovery period, this Court shall hold an evidentiary hearing.

**DATED** at Albuquerque this 23rd day of January, 2004.

_____
BRUCE D. BLACK
United States District Judge

5

**Attorneys:**

For Plaintiff:

>   William H. Carpenter
>   David J. Stout
>   1600 University Blvd., NE, Suite A
>   Albuquerque, NM  87102-1724
>
>   James T. Ryan
>   Johnson & Rishwain LLP
>   12121 Wilshire Boulevard, Suite 1201
>   Los Angeles, California  90025

For Defendants:

>   Jim Dines
>   Dines & Gross, P.C.
>   6301 Indian School Road, N.E., Suite 900
>   Albuquerque, N.M.  87110
>
>   Robert C. Bernius
>   Leslie Paul Machado
>   Nixon Peabody LLP
>   401 Ninth Street, N.W., Suite 900
>   Washington D.C.  20004